UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BANNER LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-116-HSM-HBG |
| | ) | |
| | ) | |
| COLUMBIA STATE BANK, DONALD | ) | |
| WALOSHIN, and UNITED MIDWEST | ) | |
| SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 32] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 31], which requests the Court to enter a default judgment against Defendant United Midwest Savings Bank pursuant to Federal Rule of Civil Procedure 55(b). The Court has reviewed the filings in this case, and for the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Default Judgment [**Doc. 31**] be **GRANTED.**

I. **BACKGROUND**

The following allegations are taken from the Amended Complaint. Specifically, Plaintiff seeks to rescind a life insurance policy pursuant to Tennessee Code Annotated § 56-7-103, or in the alternative, for declaratory judgment that insurance coverage under the policy at issue never became effective. [Doc. 14 at ¶ 1]. The Amended Complaint names Columbia State Bank ("Columbia"), Donald Waloshin ("Waloshin"), and United Midwest Savings Bank ("United Midwest") as Defendants. [*Id.* at ¶¶ 3-5].

The Amended Complaint alleges that on April 10, 2018, decedent completed and executed Part 1 of a life insurance application for a policy with Plaintiff. [*Id.* at ¶ 9]. On or about April 6, 2018, decedent completed Part 2 of the life insurance application, which detailed his medical history. [*Id.*]. Plaintiff relied on the information provided by decedent in the application in assessing decedent's health, medical, and social histories to determine his insurability. [*Id.*]. The application specifically asks, "In the last 5 years, unless previously stated on this application, have you: Been treated by a member of the medical profession or at a medical facility?" [*Id.* at ¶ 12]. Decedent answered, "No." [*Id.*]. In addition, the application asks, "Have you ever used amphetamines, barbiturates, cocaine, heroin, crack, marijuana, LSD, PCP, or other illegal, restricted or controlled substances, except as prescribed by a licensed physician?" [*Id.* at ¶ 13]. Decedent answered, "No." [*Id.*]. Plaintiff issued the life insurance policy ("Policy") on April 24, 2018, with an effective date of May 2, 2018. [*Id.* at ¶ 14].

Waloshin was the primary beneficiary under the Policy. [*Id.*]. However, decedent assigned the Policy to Columbia to secure a loan on or about August 27, 2018. [*Id.*]. On September 2, 2018, decedent died. [*Id.* at ¶ 15]. Columbia and Waloshin submitted claims for payment under the Policy. [*Id.*]. Because decedent died within the Policy's two-year contestable period, Plaintiff conducted a contestable-policy investigation to verify the accuracy of the information decedent submitted in applying for the Policy. [*Id.* at ¶ 16]. Plaintiff discovered that on July 16, 2016, decedent had been admitted to the hospital for an LSD overdose. [*Id.* at ¶ 17]. Decedent told the medical provider that he has taken LSD, and he was diagnosed with "recreational drug abuse," "LSD ingestion, and "lactic acidosis, resolving." [*Id.*]. Plaintiff states that its underwriting guidelines direct insurance agents to decline a life insurance application where the applicant has abused hallucinogens within two years preceding the application date. [*Id.* at ¶ 18].

2

The Amended Complaint states that on March 25, 2019, Plaintiff denied Columbia and Waloshin's claims. [*Id.* at ¶ 19]. Further, Plaintiff states that after filing its Complaint, it learned that United Midwest may be a possible claimant under the Policy. [*Id.* at ¶ 21]. United Midwest presented Plaintiff's counsel with a document that purportedly assigns the life insurance proceeds under the Policy to United Midwest ("United Midwest Assignment"). [*Id.*]. The Amended Complaint alleges that the United Midwest Assignment is an invalid assignment under the Policy because Plaintiff never received or approved the United Midwest Assignment. [*Id.*]. Plaintiff states that under the terms of the Policy, "Written Notice of an assignment must be received by [Banner's] Home Office in a form acceptable to [Banner]." [*Id.*]. No signature by Plaintiff's representative appears on the "Home Office Approval" line in the United Midwest Assignment. [*Id.*]. Further, there is no date included with the decedent's purported signature. [*Id.*].

The Amended Complaint further alleges that Plaintiff attempted to ascertain whether United Midwest intends to file a claim for the proceeds under the Policy, and despite multiple inquiries to United Midwest's counsel, Plaintiff has not received a definite answer from United Midwest. [*Id.* at ¶ 22]. Plaintiff states that it added United Midwest as a Defendant for an adjudication of its rights relative to the Policy. [*Id.*].

In the Amended Complaint, Plaintiff seeks rescission of the Policy, or in the alternative a declaratory judgment. [*Id.* at 7]. Plaintiff states that with regard to United Midwest, it alleges in the alternative that the purported assignment United Midwest presented to Plaintiff is invalid under the terms of the Policy and the applicable law. [*Id.* at ¶ 34].

## II. PROCEDURAL POSTURE

The Amended Complaint in this matter was filed on August 19, 2019, and was served on United Midwest on August 23, 2019. [Doc. 26]. United Midwest did not respond to the Complaint

within the time allowed by the Federal Rules of Civil Procedure. On October 1, 2019, the Clerk entered a default [Doc. 29] against United Midwest.

On January 13, 2020, Plaintiff filed the instant Motion. The Motion requests a default judgment against United Midwest declaring that the purported assignment of life insurance proceeds under the Policy at issue to United Midwest is invalid and that United Midwest is therefore not entitled to the proceeds under the Policy or a return of the premiums paid for the Policy. The Motion states that courts in the Sixth Circuit have allowed default judgments on declaratory-judgment claims. The Motion includes an Affidavit [Doc. 31-1] by Plaintiff's counsel, James Williams, stating that United Midwest was served on August 23, 2019. [*Id.* at ¶ 2]. In addition, the Affidavit states that United Midwest has not responded and that the Clerk entered a default. [*Id.* at ¶ 3]. Finally, the Affidavit states that Plaintiff does not seek monetary damages against United Midwest, and instead, seeks a declaratory judgment that the purported assignment of the Policy to United Midwest is invalid and that United Midwest is not entitled to the proceeds under the Policy at issue or a return of the premiums paid for the Policy. [*Id.* at ¶ 4].

### III. ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas*

*v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

As an initial matter, the Court notes that "[i]f there are multiple defendants in a case, the 'preferred method' is to withhold granting a default judgment motion until the merits of the action have been decided against the remaining defendants." *U.S. Specialty Ins. Co., v. Payne*, 367 F. Supp. 3d 853 (E.D. Tenn. 2017) (quoting *Loyless v. Oliveria*, No. 1:09-cv-239, 2010 WL 2735758, at *5 (E.D. Tenn. July 12, 2010)). The purpose of withholding a decision on a default judgment is to avoid an inconsistent judgment. *See id.* (stating that the court earlier denied a motion for default because identical claims against the other defendants were pending but now those have been resolved, "there is no danger of an inconsistent judgment"). Here, however, because Plaintiff seeks a judgment declaring that the United Midwest Assignment was invalid, there is no risk of inconsistent judgments against the remaining Defendants. Accordingly, the Court finds it appropriate to consider the default judgment against United Midwest.

Further, the Court finds that diversity jurisdiction exists and that the amount in controversy exceeds $75,000. *See id.* at 859 ("The Declaratory Judgment Act does not provide an independent basis of jurisdiction, thus, a court can only hear a declaratory judgment action when it is founded upon an independent ground of jurisdiction."). Further, the Court finds it appropriate to consider this declaratory judgment action against United Midwest. Specifically, the Court finds that the declaratory action would settle the controversy, it serves a useful purpose in clarifying the legal relations at issue, there is no evidence of procedural fencing or increased friction between state and federal courts, and there is no indication of an alternative remedy that is more effective. *Id.* (citing *Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)). The Court will now turn to the merits of the Motion.

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 29], and that Plaintiff moved [Doc. 31] for entry of default judgment. Taking as true the allegations in the Complaint [Doc. 14], the Court **INCORPORATES BY REFERENCE** the allegations relating to United Midwest and the United Midwest Assignment as set forth by the Plaintiff. Specifically, the Court **FINDS**, based upon entry of default, that the United Midwest Assignment is invalid and that United Midwest is therefore not entitled to the proceeds under the Policy at issue or a return of the premiums for the Policy. The Court makes no recommendations regarding the remaining Defendants and whether they are entitled to the proceeds of the Policy.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true as they relate to United Midwest and the United Midwest Assignment, the undersigned **RECOMMENDS**[1] as follows:

1. The Motion for Default Judgment [**Doc. 31**] be **GRANTED;**

2. The purported assignment of the life insurance Policy bearing the number 181453380 to United Midwest is invalid; and

3. That United Midwest is not otherwise entitled to the proceeds under the Policy at issue or the return of the premiums paid for the Policy.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to send United Midwest a copy of this Report and Recommendation at the address provided in the [Doc. 26].

Respectfully submitted,

*[signature: Bruce Guyton]*
United States Magistrate Judge