UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BANNER LIFE INSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:19-cv-116-TAV-HBG |
| COLUMBIA STATE BANK and DONALD WALOSHIN, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND JUDGMENT ORDER**

This civil matter is before the Court on plaintiff's motion for default judgment against defendant Donald Waloshin [Doc. 35], which plaintiff combined with a motion for summary judgment against defendant Columbia State Bank ("Columbia"). Plaintiff and defendant Columbia State Bank have settled, and those parties have filed a stipulation of dismissal with prejudice of Banner's claims against Columbia [Doc. 53], thus mooting Banner's motion for summary judgment. Plaintiff maintains its motion for entry of a judgment by default against defendant Waloshin pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for failure to answer the complaint or otherwise defend this action. The Court has carefully considered the record as well as the relevant law, and for the reasons discussed herein, the Court will **GRANT** plaintiff's motion.

**I.    The Legal Standard for Obtaining Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for obtaining a default judgment against a defendant who has failed to plead or otherwise

defend.  First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend.  If default is entered by the Clerk, the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b).  The determination of whether a motion for default judgment should be granted is committed to "the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55).

Once default has been entered, "the complaint's factual allegations regarding liability are taken as true." *Bogard v. Nat'l Credit Consultants*, No. 1:12 CV 02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013); *see also Nat'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2002) ("For a default judgment, well-pleaded factual allegations are sufficient to establish a defendant's liability.").  The Court must, however, determine whether the facts alleged in the complaint "are sufficient to state a claim for relief as to each cause of action for which [plaintiffs] seek[] default judgment." *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008); *see also Harrison v. Bailey*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants."); *Vinton v. CG's Prep Kitchen & Café*, No. 1:09-CV-707, 2010 WL 748221, at *1 (W.D. Mich. Mar. 2, 2010) ("A default judgment therefore cannot stand on a complaint that fails to state a claim.").

2

## II. Relevant Allegations in the Amended Complaint

Here, plaintiff alleges that defendant Waloshin is the sole remaining beneficiary of a life insurance policy numbered 181453380 ("the policy") that plaintiff issued to Nathan Donald Waloshin ("decedent") on April 24, 2018, and that was later assigned to Columbia to secure a loan [Doc. 14 ¶¶ 3, 14].[1] Decedent executed the application for Part 1 of the policy on April 10, 2018, and Part 2 of the policy on April 6, 2018 [*Id.* ¶ 9]. Question 23(a) of the policy asked, "In the last 5 years, unless previously stated on this application, have you: Been treated by a member of the medical profession or at a medical facility?" and decedent answered, "No" [*Id.* ¶ 12]. Question 24(a) of the policy application asked, "Have you ever used amphetamines, barbiturates, cocaine, heroin, crack, marijuana, LSD, PCP, or other illegal, restricted or controlled substances, except as a prescribed by a licensed physician?" and decedent answered, "No" [*Id.* ¶ 13].

After decedent died of coronary artery artherosclerosis in Knoxville, Tennessee, on September 2, 2018, Columbia and defendant Waloshin submitted claims for payment under the policy [*Id.* ¶ 15]. Because decedent died within the policy's two-year contestable period, plaintiff investigated the accuracy of the information decedent submitted in applying for the policy. The investigation disclosed medical records showing that on July 16, 2016, less than two (2) years before decedent executed the

---

[1] All factual allegations discussed herein reference the amended complaint [Doc. 14] whose factual allegations are taken as true after the entry of default by the Clerk. *Bogard*, 2013 WL 2209154, at *3.

3

Case 3:19-cv-00116-TAV-HBG   Document 54   Filed 07/14/20   Page 3 of 8   PageID #: 431

policy application, he was admitted to a Knoxville medical center for an LSD overdose [*Id.* ¶ 17]. Decedent told the medical provider he had taken LSD and was eventually diagnosed with "recreational drug abuse," "LSD ingestion," and "lactic acidosis, resolving" [*Id.*].

Plaintiff's underwriting guidelines direct insurance agents to decline a life insurance application where the applicant has abused hallucinogens within two (2) years preceding the application date [*Id.* ¶ 18]. After conducting its investigation, plaintiff denied Columbia's and defendant Waloshin's claims, attempted to return the policy premiums by enclosing a check for defendants' pro-rated premium amounts, and advised defendants that negotiation of the check would be treated as a release of their claims [*Id.* ¶ 20].

A third defendant, United Midwest, was added to plaintiff's action post-filing in the belief that United Midwest was a possible claimant under the policy [*Id.* ¶ 21]. The Court subsequently granted default judgment against that defendant [Doc. 49].

Plaintiff argues that it is entitled to rescission of the policy under Tennessee Code Annotated § 56-7-103 upon return of the premiums paid therefore [Doc. 14 ¶ 26]. Pointing to decedent's answers to policy application questions 23(a) and 24(a), plaintiff contends that decedent failed to disclose information plaintiff required for an honest appraisal of decedent's insurability, that this misrepresentation increased plaintiff's risk of loss in issuing the policy, and that plaintiff would not have issued and delivered the

4

policy, nor accepted payment of premium, if decedent had disclosed the true facts of his drug use on July 16, 2016 [*Id.* ¶ 26]. In the alternative, plaintiff contends that decedent knew he had been admitted to the hospital for an LSD overdose less than two (2) years earlier, he acknowledged the statements in his application were true and complete to the best of his knowledge and belief, and yet he willfully and knowingly, with the intent to deceive, misrepresented to plaintiff that he had never used any illegal substance [*Id.* ¶ 27].

Plaintiff applied for a default judgment against defendant Waloshin [Doc. 10], and the Clerk entered default against him on June 24, 2019 [Doc. 12]. Plaintiff filed its complaint on April 4, 2019, and defendant Waloshin was duly served on April 16, 2019 [Doc. 9], but he did not file an answer or other pleading [Doc. 12]. Defendant now moves for a default judgment rescinding the policy based on the allegations that (1) the answers to questions 23(a) and 24(a) on decedent's application were false; and (2) the misrepresentations were material because the false answers increased plaintiff's risk of loss [Doc. 36 p. 10].

### III. Sufficiency of the Amended Complaint's Allegations against Waloshin

Tennessee Code Annotated § 56-7-103 provides that a written or oral misrepresentation made in applying for an insurance policy "shall be deemed material or defeat or void the policy" if "the misrepresentation . . . is made with actual intent to deceive" or "the matter represented increases the risk of loss." "Section 56–7–103 authorizes an insurance company to deny a claim if the insured obtains the policy after

5

misrepresenting a matter that increased the company's risk of loss." *Lane v. Am. Gen. Life & Acc. Ins. Co.*, 252 S.W.3d 289, 295 (Tenn. Ct. App. 2007). The Sixth Circuit and the Tennessee Court of Appeals have held "[a] misrepresentation in an application for insurance increases the insurance company's risk of loss if it naturally and reasonably influences the judgment of the insurer in making the contract." *Yarnell v. Transamerica Life Ins. Co.*, 447 F. App'x 664, 674 (6th Cir. 2011) (quoting *Lane v. Am. Gen. Life and Acc. Ins. Co.*, 252 S.W.3d 289, 295–96 (Tenn. Ct. App. 2007)). This is a question of law for the court. *Id.* A plaintiff insurer need not show that it would not have issued the policy had the truth been disclosed; rather, "a showing that the insurer was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability is sufficient to establish the grounds for an increased risk of loss." *Lane*, 252 S.W.3d at 296.

Plaintiff has adequately plead a claim for relief under § 56-7-103. The amended complaint states that defendant avowed on his insurance application that he had not been treated by a medical profession within the last five (5) years and had never used LSD, except as prescribed by a licensed physician, even though he had been admitted to a medical center for an LSD overdose after consuming LSD less than (2) years before executing his application. Moreover, the amended complaint states that plaintiff's underwriting guidelines direct insurance agents to decline a life insurance application where the applicant abused hallucinogens within two (2) years preceding the application

date, and plaintiff alleges that it would have denied his application if decedent had not failed to answer questions 23(a) and 24(a) truthfully and that his misrepresentations increased its risk of loss. Altogether, the allegations in plaintiff's complaint, which are accepted as true, *Bogard*, 2013 WL 2209154, at \*3, establish that decedent made misrepresentations in his insurance policy that denied plaintiff information it sought in good faith and deemed necessary to an honest appraisal of insurability and that therefore increased plaintiff's risk of loss. As such, plaintiff is entitled to default judgment denying defendant Waloshin's claim under the policy.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that plaintiff's motion for default judgment [Doc. 35] is **GRANTED**.

It is hereby **ORDERED, ADJUDGED, and DECREED** that Policy No. 181453380 issued to decedent by plaintiff Banner Life Insurance Company is rescinded, and the Clerk is **ORDERED** to issue the return of payment of premiums, totaling $1,003.56, that plaintiff previously deposited into the Registry of the Court to defendant Waloshin [*See* Doc. 53]. The parties inform the Court that the relevant sum, plus any accrued interest, may be directed to the "Estate of Nathan D. Waloshin" and mailed to legal counsel for the estate as follows:

> Bradley C. Sagraves, Esq.
> Egerton, McAfee, Armistead & Davis, P.C.
> Riverview Tower 14th Floor
> 900 S. Gay Street
> Knoxville, Tennessee 37902

7

This judgment is entered in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/ John L. Medearis
CLERK OF COURT

8

Case 3:19-cv-00116-TAV-HBG   Document 54   Filed 07/14/20   Page 8 of 8   PageID #: 436